UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case Nos.: CR99-422, CR00-392 |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| JAMIE P. PITMAN, ) | AS TO ALLEGED VIOLATIONS |
| ) | OF SUPERVISED RELEASE |
| Defendant. ) | |
| _____ ) | |

An evidentiary hearing on a supervised release revocation in these cases was scheduled before the undersigned Magistrate Judge on April 26, 2005. The United States was represented by Assistant United States Attorney Donald Currie, and the defendant by Mr. Robert Leen. The proceedings were recorded on cassette tape.

The defendant had been sentenced on or about November 17, 2000, by the Honorable John C. Coughenour of charges of bank fraud and money laundering in Case No. CR99-422, and charges of credit-card fraud and bank fraud in Case No. CR00-392. The defendant was sentenced to 50 months of custody and five years of supervised release.

The conditions of supervised release included the requirement that the defendant comply with all local, state, and federal laws, and with the standard conditions. Other special conditions included that the defendant submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(5)

REPORT AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE 1

and 18 U.S.C. § 3583; participate as instructed in a program for treatment of narcotic addition, drug dependency, or substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol; abstaining from the use of alcohol, and other intoxicants during the term of supervision; and restitution in the amount of $716, 441.17, to be paid in monthly installments of $50.00.

In an application dated March 8, 2005, U.S. Probation Officer Brian H. Rogers asserted the following violations of the conditions of supervised release:

(1) failing to submit a urine sample on February 28, 2005, in violation of special condition No. 3 which requires that Mr. Pitman submit to urine testing when directed to do so;

(2) failing to submit regular monthly restitution payments in violation of special condition No. 6.

The defendant denied the alleged violations. At the evidentiary hearing, the sole witness was Brian H. Rogers, the U.S. Probation Officer assigned to Mr. Pitman's case. As to the first claimed violation, Probation Officer Rogers testified that he spoke to defendant Pitman and they agreed to meet on February 28, 2005. At that meeting, Mr. Pitman and Mr. Rogers had a discussion regarding the past failures to make restitution. At this meeting Officer Rogers also advised Mr. Pitman that he would require Mr. Pitman to provide a urine sample that day. Mr. Pitman attempted on two occasions to provide a urine sample, but was unable to provide a sample of sufficient quantity to check for unauthorized drugs. Officer Rogers directed Mr. Pitman to stay in the Probation Office until an adequate sample could be supplied. Mr. Pitman did not do so. Instead, he left without providing the necessary sample. He had been in the office for approximately one and one-half hours prior to the time that he left. This was the first time that Mr. Pitman been asked to submit a urine sample and walked out. Because Mr. Pitman left the Probation Office before providing an adequate sample after being specifically advised not to leave before doing so, it is recommended that the Court find that violation No. 1 was established.

As to the second claimed violation, Mr. Pitman failed to make his $50.00 monthly

payments for the months of September, October, November, and December of 2004, and January of 2005. During the Christmas holiday period in 2004, Mr. Pitman wanted to go to California, and discussed this with Probation Officer Rogers. The trip was authorized if Mr. Pitman made a payment of two months on his back restitution. Mr. Pitman appeared at the office of the Clerk of Court and used a debit card to make a $100.00 payment. After doing so, and after receiving a receipt for the payment which he delivered to the Probation Officer, the Clerk of the Court discovered that payments by debit card were not authorized. As a result, the charges were reversed. Mr. Pitman subsequently failed to tender the $100.00 in reversed charges. In addition, Mr. Pitman has not made the payments for December 2004, and January 2005.

In February 2005, Mr. Pitman had a monthly income of approximately $940.00 per month from social-security disability income, and $148.00 per week of unemployment compensation, for a total monthly income of approximately $1,532.00. Therefore, it is recommended that Mr. Pitman be found to have failed to make regular monthly restitution payments in violation of special condition No. 6.

A disposition hearing is scheduled before the Honorable John C. Coughenour on May 27, 2005, at 9:00 a.m. Pending a final determination by the Court, defendant remains at liberty subject to the terms of his probation.

DATED this 28th day of April, 2005.

/s/ JAMES P. DONOHUE
United States Magistrate Judge

cc:  District Judge:         Honorable John C. Coughenour
     ASA:                    Mr. Donald M. Currie
     Defendant's attorney:   Mr. Robert Leen
     Probation officer:      Mr. Brian H. Rogers

REPORT AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE 3