01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,                )   Case No. CR99-0422-JCC-JPD
                                          )         CR00-0392-JCC
                    Plaintiff,            )
                                          )
        v.                                )
                                          )   SUMMARY REPORT OF U.S.
JAMIE P. PITMAN,                          )   MAGISTRATE JUDGE AS TO
                                          )   ALLEGED VIOLATIONS
                    Defendant.            )   OF SUPERVISED RELEASE
_____   )

        An evidentiary hearing on a petition for violation of supervised release in this case was

conducted before the undersigned Magistrate Judge on May 2, 2006.  The United States was

represented by Assistant United States Attorney Donald Currie, and the defendant by Mr. Robert

Leen.  The proceedings were recorded on cassette tape.

        On or about November 17, 2000, defendant was sentenced by the Honorable John C.

Coughenour to fifty (50) months of imprisonment and five (5) years of supervised release on

charges of Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2, and Money Laundering in

violation of 18 U.S.C. §§ 1956 (a)(1)(A)(i) and (a)(1)(B)(i) and 2 in No. CR99-0422C; and for

Using an Unauthorized Access Device in violation of 18 U.S.C. § 1029 (a)(2), and Bank Fraud

in violation of 18 U.S.C. §§ 1344 and 2 in No. CR00-0392C.

        The conditions of supervised release included the requirements that the defendant comply

with all local, state, and federal laws, not illegally possess a controlled substance, notify the

probation officer at least ten (10) days prior to any change in residence or employment, submit

truthful and complete written reports, participate in substance-abuse treatment programs as

directed, submit to mandatory periodic drug testing as required to determine if defendant has

REPORT AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE 1

01  reverted to use of drugs or alcohol, consent to search, and restitution obligations.

02      In a Petition for Warrant or Summons and a Violation Report and Request for Warrant,

03  both dated April 3, 2006, U.S. Probation Officer Michael J. Larson asserted the following

04  violations by defendant of the conditions of his supervised release:

05      (1)    Failing to notify the probation officer ten (10) days prior to any change of

06  employment, in violation of standard condition number six.

07      (2)    Failing to submit a truthful and complete written report for the months of January

08  2004 through December 2005, in violation of standard condition number one.

09      (3)    Failing to participate in substance-abuse treatment as instructed at Recovery

10  Options Northwest, Seattle, Washington, by being terminated from the program, in violation of

11  the special condition requiring that he participate as instructed in a program approved by the

12  probation office for treatment of narcotic addition, drug dependency, or substance abuse, and

13  which may include testing if defendant has reverted to the use of drugs or alcohol.

14      (4)    Failing to report for drug testing on December 8, 2005, December 21, 2005,

15  January 9, 2006, February 16, 2006, March 6, 2006, March 14, 2006, and March 31, 2006, in

16  violation of the special condition requiring he participate as instructed in a program approved

17  by the probation office for treatment of narcotic addition, drug dependency, or substance abuse,

18  and which may include testing to determine if the defendant has reverted to the use of drugs or

19  alcohol

20      (5)    Using marijuana on or before January 30, 2006, in violation of standard condition

21  number seven.

22      (6)    Using nandrolone on or before March 7, 2006, in violation of standard condition

23  number seven.

24      (7)    Using 19-norandrosterone on or before March 7, 2006, in violation of standard

25  condition number seven.

26      The defendant admitted alleged violations Nos. 1, 2, and 4.  An evidentiary hearing took

place as to alleged violations Nos. 3, 5, 6, and 7.  Joseph H. Wolfe, CDP, the clinical director of Recovery Options Northwest, U.S. Probation Officer Michael J. Larson, and the defendant testified at the hearing.  Exhibits 1, 8, 9, 10, 11, 12, 13, and 14 were offered by the government and received into evidence.  Exhibits 15 and 16 were offered by the defendant and received into evidence.  The balance of this Report and Recommendation is directed to these alleged violations.

Alleged Violation No. 3.  Joseph H. Wolfe, the clinical director of Recovery Options Northwest, testified that he replaced Mr. Cochran as the defendant's prior treating professional.  The defendant missed an appointment that had been scheduled for January 17, 2006.  The defendant stated that he did not receive notice of the appointment.  Nevertheless, Probation Officer Larson advised the defendant of the missed appointment, and made sure that the defendant was aware of an appointment scheduled for January 31, 2006.  Mr. Pitman arrived and met Mr. Wolfe on January 31, 2006, as scheduled.  The meeting between Mr. Pitman and Mr. Wolfe lasted between 5 and 10 minutes.  Mr. Wolfe believed that Mr. Pitman was not amenable to treatment, was agitated, and verbally abusive.  As a result, Mr. Pitman was terminated from the program, which is the basis for alleged violation No. 3.

Based on the testimony offered, alleged violation No. 3 was not proved.  Further treatment was terminated by Mr. Wolfe, apparently as a result of Mr. Pitman's behavior.  However, it does not appear that Mr. Wolfe was prepared for Mr. Pitman.  Mr. Wolfe indicated he was not able to read all of the handwritten notes of his predecessor, Mr. Cochran, in order to familiarize himself with Mr. Pitman's background.  Mr. Wolfe was not aware of the fact that Mr. Pitman suffered from ADHD, and had either a mental affect or bipolar diagnosis.  While his voice was raised, apparently this was consistent with prior behavior exhibited by Mr. Pitman with Mr. Cochran.  Mr. Pitman did not physically intimidate Mr. Wolfe, nor stand up during the interview session.  Mr. Pitman was distressed about a change of counselors.  It is true that Mr. Pitman did not like Mr. Wolfe, and did not consider Mr. Wolfe to be as good for him as Mr.

REPORT AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE 3

01   Cochran, but the termination in this case, after a 5 to 10 minute session under the circumstances

02   present, does not establish the violation at issue, particularly when Exs. 15 and 16 indicate that

03   Mr. Pitman's progress and participation in the Recovery Options Northwest Program with Mr.

04   Cochran was rated "fair" in November of 2005 (Ex. 16), and rated "good" in late December of

05   2005 (Ex. 16).

06       Alleged Violation No. 5.  Mr. Pitman denies using any marijuana.  However, on January

07   30, 2006, Mr. Pitman was directed to provide a urine sample for analysis ("UA").  The sample

08   was subjected to a test that provided an immediate presumptive positive result for THC, the

09   active ingredient in marijuana.  The sample was sent for further analysis by Scientific Testing

10   Laboratories, Inc., in Richmond, Virginia.  Further testing confirmed the existence of THC in

11   the sample, indicating that Mr. Pitman had used marijuana.

12       Mr. Pitman's denials are not credible.  I recommend that the Court find the

13   defendant to have violated his terms and conditions of supervised release as to violation No. 6.

14       Alleged Violations No. 6 and 7.  Probation Officer Larson testified that he was concerned

15   by some physical appearance changes and demeanor changes of Mr. Pitman, possibly indicative

16   of  potential steroid usage.  On February 21, 2006, he directed Mr. Pitman to provide another

17   UA.  The UA tested negative for the four pre-screening substances, which would not include

18   steroids.  The sample was sent for steroid testing by Scientific Testing Laboratories, Inc., in

19   Richmond, Virginia.  The test results that came back proved positive for the appearance of the

20   steroids nandrolone and 19-norandrosterone (Ex. 10).

21       When confronted with these test results, on April 3, 2006, Mr. Pitman admitted that he

22   had used steroids, stating he had a prescription for Deca-Durabolin, Winstrol, and additional

23   testosterone substances to alleviate some symptoms associated with spinal damage injury.  Mr.

24   Pitman acknowledged that he did not advise his probation officer that he was using the steroid

25   substances, but asserted he had a proper prescription for them.  The standard terms of his

26   supervised release do not require that he notify his probation officer of his prescriptions,

REPORT AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE 4

01   although his compliance contract (Ex. 12) purports to require him to refrain from taking any

02   prescription medication "until the doctor prescribing the medication has been advised of my

03   substance abuse history. Documentation of the doctor's knowledge must be provided to the U.S.

04   Probation Officer." Ex.12. This contract was signed by Mr. Pitman on October 31, 2005. No

05   such notice was provided to the probation officer, although there is a form for doing so. Ex. 11.

06        Mr. Pitman obtained a prescription for Winstrol and for Testosterone Suspension from

07   Dr. Levine on March 1, 2006, and March 15, 2006. Ex. 13. Dr. Levine has previously had his

08   license to practice medicine suspended, although his license was active at the time he wrote the

09   prescriptions for Mr. Pitman. Mr. Pitman did not notify his probation officer of the prescriptions

10   until the meeting on April 3, 2006, when Mr. Larson confronted Mr. Pitman with the positive

11   indicators for nandrolone and 19-norandrosterone. At that time, Mr. Pitman produced his

12   prescription forms. He also consented to a search of his house, where additional steroid

13   substances (Ex. 14, p.1-9), including animal steroid substances, were found. Mr. Pitman testified

14   that he had some of the human steroid products because of the prescriptions, and that a friend

15   gave him other steroid products, including the animal steroid products, but was not using them.

16   He stated he was holding them for the friend, but they were secured in his residence.

17        From the evidence received, it appears that Mr. Pitman obtained a prescription from a

18   licensed physician, even though there are questions regarding the physician's medical

19   qualifications. Moreover, the terms of standard condition No. 7, the basis of the alleged

20   violation, do not require that the Probation Office be notified of any prescriptions, although the

21   contract purports to do so. Hence, the question as to whether a violation has been committed,

22   is whether the steroids used and in the possession of Mr. Pitman were prescribed by a licensed

23   physician.

24        In this case, the steroid UA was conducted on February 21, 2006. Ex. 10. The earliest

25   prescription that Mr. Pitman was able to produce was dated March 1, 2006. Although Mr.

26   Pitman has asserted that he had earlier prescriptions, none were introduced. It appears that the

01 prescription was obtained in response to the UA for steroid testing.

02      As a result, I recommend that the Court find that Mr. Pitman violated the terms of his

03 supervised release relating to violations Nos. 6 and 7 as alleged.

04      I therefore recommend that the Court find the defendant to have violated the terms and

05 conditions of his supervised release as to violations Nos. 1, 2, and 4 as admitted, and that the

06 defendant also be found to have violated the terms and conditions of his supervised release as

07 to violations Nos. 5, 6, and 7.  I recommend that the Court find that the defendant did not violate

08 the terms and conditions of his supervised release as alleged in violation No. 3.

09      A disposition hearing has been set before the Honorable John C. Coughenour on June 9,

10 2006, at 9 a.m.  Pending a final determination by the Court, the defendant has been detained.

11      DATED this 4th day of May, 2006.

12                                              _James P. Donohue_

13                                              JAMES P. DONOHUE
                                                United States Magistrate Judge

14

15 cc:     District Judge:            Honorable John C. Coughenour
           AUSA:                      Mr. Donald Currie
16         Defendant's attorney:      Mr. Robert Leen
17         Probation officer:         Mr. Michael J. Larson

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE 6